IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| MATTHEW ESCALANTE, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>JANELLE ESCALANTE, )<br>CHRISTOPHER WILSON, and )<br>LEWANNA BELL-LLOYD, )<br>)<br>Defendants. ) | Case No: 23-cv-2176-KHV-TJJ |

## REPORT AND RECOMMENDATION

### NOTICE

Plaintiff is hereby informed that, within 14 days after he is served with a copy of this Report and Recommendation, he may, pursuant to 28 U.S.C. § 636(b)(1) and Fed R. Civ. P. 72, file written objections to the report and recommendation. Plaintiff must file any objections within the 14-day period allowed if he wants to have appellate review of the recommended disposition. If plaintiff does not timely file his objections, no court will allow appellate review.

### REPORT

Plaintiff, who is proceeding *pro se*, filed this action against his ex-wife, the attorney representing her, and the guardian ad litem appointed in his state court child custody proceedings.[1] In his amended complaint (ECF No. 6), Plaintiff asserts claims under 42 U.S.C. § 1985 and 1986, alleging Defendants conspired to interfere with his parental and constitutional rights during his ongoing state court child custody proceedings by manipulating the state court

---

[1] Plaintiff has filed three other civil cases in this Court related to his ex-wife and ongoing child custody proceedings, all of which have been dismissed. *See* cases 22-cv-2450-TC-TJJ, 22-2485-TC-TJJ, and 23-2130-TC-TJJ.

1

judge to rule in favor of his ex-wife.

Plaintiff previously filed a motion requesting leave to proceed without prepayment of the filing fee under the *in forma pauperis* statute, 28 U.S.C. § 1915(a)(1). That motion was granted on July 5, 2023, but service of the summons and complaint was withheld pending review under 28 U.S.C. § 1915(e)(2)(B).[2]

When a party is granted leave to proceed without the prepayment of fees, 28 U.S.C. § 1915(e)(2)(B) requires the court to dismiss the case at any time if the court determines that the action: "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." The purpose of Section 1915(e) is to "discourage the filing of, and waste of judicial and private resources upon, baseless lawsuits that paying litigants generally do not initiate because of the costs of bringing suit and because of the threat of sanctions for bringing vexatious suits under Federal Rule of Civil Procedure 11."[3]

Fed. R. Civ. P. 8(a)(2) requires that a complaint provide a "short and plain statement of the claim showing that the pleader is entitled to relief."  Additionally, the complaint must state more than "labels and conclusions" and "[f]actual allegations must be enough to raise a right to relief above the speculative level."[4] Because Plaintiff proceeds *pro se*, his pleadings "are to be construed liberally and held to a less stringent standard than formal pleadings drafted by

---

[2] *See* Order Granting *In Forma Pauperis* Status But Withholding Service of Summons and Complaint (ECF No. 5).

[3] *Neitzke v. Williams*, 490 U.S. 319, 327 (1989).

[4] *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

lawyers."[5] Liberal construction, however, "does not relieve the plaintiff of the burden of alleging sufficient facts on which a recognized legal claim could be based."[6] This means "if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements."[7] However, it is not the proper function of the district court to assume the role of advocate for the *pro se* litigant.[8] For that reason, the court is not to "construct arguments or theories for the plaintiff in the absence of any discussion of those issues."[9]

Because Plaintiff's claims arise from his ongoing state court proceedings, this raises the issue whether this Court should also abstain from ruling on the merits of Plaintiff's claims under the *Younger* abstention doctrine.[10] The *Younger* doctrine provides that a federal court must abstain from deciding a case otherwise within the scope of its jurisdiction in "certain instances in which the prospect of undue interference with state proceedings counsels against federal relief."[11] *Younger* abstention is required when: (1) there is an ongoing state judicial proceeding involving the federal plaintiff; (2) that implicates important state interests; and (3) there is an

---

[5] *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

[6] *Id.*

[7] *Id.*

[8] *Id.*

[9] *Drake v. City of Fort Collins*, 927 F.2d 1156, 1159 (10th Cir. 1991) (citation omitted).

[10] *Younger v. Harris*, 401 U.S. 37, 46 (1971) (The *Younger* abstention doctrine reflects "longstanding public policy against federal court interference with state court proceedings.").

[11] *Sprint Commc'ns, Inc. v. Jacobs*, 571 U.S. 69, 72 (2013).

adequate opportunity in the state proceedings to raise constitutional challenges.[12]

The Supreme Court, in *Sprint Communications, Inc. v. Jacobs*, has limited *Younger*'s application to the following three types of state court proceedings: (1) ongoing state criminal prosecutions; (2) certain civil enforcement proceedings akin to criminal prosecutions; and (3) "civil proceedings involving certain orders . . . uniquely in furtherance of the state courts' ability to perform their judicial functions."[13] In *Sprint*, the Supreme Court further clarified the three *Middlesex* conditions for abstention are not dispositive, but are "instead, additional factors appropriately considered by the federal court before invoking *Younger*."[14] After the 2013 *Sprint* opinion limiting *Younger*, the Tenth Circuit has affirmed cases applying *Younger* to child custody cases.[15] The issue whether *Younger* abstention is applicable may be raised by the court *sua sponte*.[16]

Liberally construing the amended complaint and Plaintiff's other filings in this case, as is

---

[12] *Middlesex Cty. Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982). These conditions are commonly referred to as the "*Middlesex* conditions." *See also Courthouse News Serv. v. New Mexico Admin. Off. of Cts.*, 53 F.4th 1245, 1256 (10th Cir. 2022) (applying the *Middlesex* conditions).

[13] *Sprint*, 571 U.S. at 73 (quoting *New Orleans Pub. Serv., Inc. v. Council of New Orleans*, 491 U.S. 350, 367–68 (1989)). *See also Elna Sefcovic, LLC v. TEP Rocky Mountain, LLC*, 953 F.3d 660, 670 (10th Cir. 2020) (recognizing the three categories of state proceedings to which *Younger* abstention applies).

[14] *Sprint*, 571 U.S. at 81.

[15] *See Thompson v. Romeo*, 728 F. App'x 796, 798 (10th Cir. 2018) (unpublished) (holding that district court properly applied *Younger* abstention to dismiss claims arising from allegedly unconstitutional orders entered in ongoing state-court divorce and child-custody proceeding); *Alfaro v. Cnty. of Arapahoe*, 766 F. App'x 657, 661 (10th Cir. 2019) (unpublished) (holding the district court properly concluded that *Younger* abstention would apply to the plaintiff's claims for constitutional violations in connection with state-court divorce and child-custody proceedings, to the extent that the state-court proceedings were ongoing).

[16] *See Bellotti v. Baird*, 428 U.S. 132, 143 n.10 (1976) (stating that "abstention may be raised by the court *sua sponte*"); *Morrow v. Winslow*, 94 F.3d 1386, 1390-91 & n.3 (10th Cir. 1996) (raising and applying *Younger* abstention doctrine *sua sponte*, and holding that parties need not raise the *Younger* abstention doctrine to preserve its applicability); *S.F.M. by & through Baker v. Gilmore*, No. 17-2574, 2018 WL 1536504, at *3 (D. Kan. Mar. 29, 2018) ("[A] court may raise the application of *Younger sua sponte*.").

4

appropriate since Plaintiff is proceeding *pro se*,[17] it appears *Younger* abstention is applicable to this case. The child custody proceedings Plaintiff challenges in this case fall within the third category of state court proceedings where *Younger* requires abstention—"civil proceedings involving certain orders . . . uniquely in furtherance of the state courts' ability to perform their judicial functions."[18]  Child custody orders are uniquely in furtherance of the state court's ability to perform its judicial function.  Further implicating *Younger* abstention, the state court proceedings appear to be ongoing.

The *Middlesex* conditions requiring abstention are also satisfied here. The state child custody proceedings at issue in this case involve important state interests, matters which "traditionally look to state law for their resolution or implicate separately articulated state policies."[19] The Tenth Circuit has found "child custody proceedings are an especially delicate subject of state policy" for purposes of *Younger* abstention,[20] noting the Supreme Court has

---

[17] "A pro se litigant's pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). But the court does not assume the role of advocate. *Id.*

[18] *See Balderama v. Bulman,* No. CIV 21-1037 JB/JFR, 2023 WL 2728148, at *10 (D.N.M. Mar. 31, 2023) (finding the breadth of consensus among district courts and Courts of Appeal demonstrates that direct challenges to child custody and support orders, and related proceedings, fall into *Sprint's* third category of exceptional cases, i.e., civil proceedings that involve orders uniquely in furtherance of a State court's ability to perform its judicial functions); *Gibson v. Lopez,* No. 21-cv-02610-MJM-NYW, 2022 WL 2158986, at *6 (D. Colo. June 15, 2022) (concluding that actions "borne of an ongoing domestic relations matter within the jurisdiction of the" state court and which relate to the child support orders negotiated in and supervised by that court fall within the category of "civil proceedings involving certain orders . . . uniquely in furtherance of the state courts' ability to perform their judicial functions")*; Wright v. Oklahoma Cnty.*, No. CIV-20-00346-JD, 2020 WL 8335672, at *9 (W.D. Okla. Aug. 31, 2020) (finding divorce proceedings were a pending civil proceeding involving domestic-relations issues such as divorce and child support orders that are "uniquely in furtherance of the state courts' ability to perform their judicial functions" requiring abstention under *Younger*).

[19] *Amanatullah v. Colorado Bd. of Med. Examiners*, 187 F.3d 1160, 1163 (10th Cir. 1999).

[20] *Morrow v. Winslow*, 94 F.3d 1386, 1393 (10th Cir. 1996).

stated that "[f]amily relations are a traditional area of state concern."[21] As recently stated by this court, "child custody actions clearly involve important state interests."[22] Recusal or disqualification of a state court judge also implicates important state interests, and the State of Kansas has an important state interest in determining the validity of its courts' orders.[23] This is particularly true for a state court order that restricts a litigant's access to the state courts.

Finally, Plaintiff has not shown state court is an inadequate forum, especially given that Kansas courts may consider constitutional challenges to child custody and adoption proceedings on appeal.[24] "[U]nless state law clearly bars the interposition of the federal statutory and constitutional claims," a plaintiff typically has "an adequate opportunity to raise federal claims in state court."[25] State court thus provides an adequate forum for Plaintiff to raise his claims that Defendant's judicial order restricting his contact with the court violates his constitutional rights. For purposes of *Younger*, the fact that plaintiff could have raised his constitutional claims on appeal in the state courts is sufficient to establish the state court as an adequate forum.[26]

Plaintiff's ongoing child custody proceedings fall within the third category of state court proceedings—those involving orders uniquely in furtherance of a state court's ability to perform its judicial functions—and all the *Younger* conditions are satisfied, thus requiring the Court to

---

[21] *Id.* (quoting *Moore v. Sims*, 442 U.S. 415, 435 (1979)).

[22] *Flagg v. Kansas Dep't of Child. & Fam. Servs.*, No. 21-1281-JAR-GEB, 2022 WL 1421541, at *5 (D. Kan. May 5, 2022).

[23] *Fisher v. Lynch*, 531 F. Supp. 2d 1253, 1267 (D. Kan. 2008).

[24] *Flagg*, 2022 WL 1421541, at *5.

[25] *Winn v. Cook*, 945 F.3d 1253, 1258 (10th Cir. 2019) (quoting *Crown Point I, LLC v. Intermountain Rural Elec. Ass'n*, 319 F.3d 1211, 1215 (10th Cir. 2003)).

[26] *See Moore,* 442 U.S. at 430 (adequate forum existed when state law posed no procedural barriers to raising constitutional claims).

abstain from exercising jurisdiction over Plaintiff's claims in this case.

## **RECOMMENDATION**

Accordingly, the undersigned Magistrate Judge recommends this action be **DISMISSED** pursuant to the *Younger* abstention doctrine.

A copy of this Report and Recommendation shall be mailed to Plaintiff.

**IT IS SO ORDERED.**

Dated August 30, 2023, at Kansas City, Kansas.

*Teresa J. James*
Teresa J. James
U. S. Magistrate Judge
