# IN THE UNITED STATES CIVIL COURT
# DISTRICT OF KANSAS

| | |
|---|---|
| Matthew Escalante<br>et al minor child S.J.E<br>& minor child S.G.E<br>Plaintiffs<br><br>v<br><br>Janelle Escalante<br>Christopher Wilson<br>Lewanna Bell-Lloyd<br>Respondents | US Civil Court 2:23-CV02176<br><br><br><br><br><br>Jury Trial Demand |

## PLAINTIFFS OBJECTION TO MAGISTRATES RESPONSE AND RECOMMENDATIONS

COMES NOW, the Plaintiff father representing the plaintiff minor children, and their best interest respectfully requests this Court to hear objection to R&R, and see the facts that are showing of 2 provisions of extraordinary circumstance disqualify Younger abstention from being applied to 2:23-CV02176.  As father of the minor children plaintiffs, the Plaintiff  begs and prays that Magistrate James please review the following and see that if this Court does not hear this civil action, then the deprivations of rights that are constitutionally harming, will not stop.  And without cessation of defendants actions against the Plaintiffs it can be deduced that wrongful losses of Protected Liberty and further Unconstitutional actions is inevitable. And at the end of that, it will fall onto the plaintiff minor children as a life side affect that will alter further the future of the Plaintiffs minors

The three provisions that disqualify the Younger Abstention from this case of 2:23-CV02176 are:

(1) Bad Faith  -  The Plaintiff must show this Court that the defendants  are moving in bad faith in the county civil proceedings,& against the plaintiff minor children.A mother shows violating the rights of her own children

   A. There is affirmatives of bad faith movement in District court protective orders sitting in a Petition for Writ of Mandamus right now in Kansas Supreme Court docket 126,833. Plaintiff father docketed the writ one day ago, asking for Immediate Relief.  Relief from Johnson county protection from stalking order 22CV03391, that was formed against him on July 08, 2022.

   B. The PFS Final Order  (July 8, 2022) and Extended Order of PFS ( August 10, 2023) both have affirmatives of not being complaint with their VAWA certificates that Johnson County Courthouse puts on every protective order that is issued in that courthouse.  The certificate is pursuant 18USC2265 full faith and credit given to protective orders.  But section 2 says essentially, not when it can be shown that a PFS didn't allow sufficient due process to a Defendant to receive equalness in the hearings.

   C. The Original Action Mandamus contains an Exhibit A, and that is Petition for PFS Doc #1 22CV03391 Plaintiff requests this court take Judicial Notice of Kansas Supreme Court docket 126,833.  A review of the first document of Defendant Ms Escalante shows that is not how a Petition for PFS is supposed to appear.  It was orginally a 5 page petition stamped at 11:20AM on July 08, 2022 and given back to Ms Escalante.  And within 3 minutes of the PFS proceeding having been in existence, a deviation from rules shows affirmative when looking at Pages 3, 4, and 5.  Those are not documents generated by the Protection Portal. They are barred ex parte evidence embeds, at its the first document entered that shows bad faith intentions to push a PFS by breaking the rules of the court. One of those pages is made up.

   D. Petition doc #1 has three court stamps.  11:20, 11:21(pages 3, 4 and 5) and 11:23 (pages 3, 4, 5) and after 11:20AM, doc #1 was resubmitted with barred pages of ex parte evidence, and that even happened fast within 180 seconds that additions to a petition were made. Shortly after 1200 hours Attorney Christopher T. Wilson is seen handing the tampered doc #1 to Plaintiff Mr Escalante on July 8th 2022.  Only Christopher Wilson, with 30 years of attorney experience could have acted so fast at 11:20AM, to be able to attached to a Petition PDF and resubmitted it immediately back to the court for restamping on the new pages.  Ms Escalante couldn't move that fast.  Christopher T Wilson shows shows breaking KRPC's that morning by logical deduction. That behavior of #15527 has devasted the Plaintiffs.

   E. The Writ of Mandamus is showing the merit to the Kansas Supreme Court to declare 22CV03391 null and void.  But this suit will be needed to curb the behaviors of defendant Ms Escalante and Christopher T Wilson that are showing as they believe they disrespect the court rules and not account.

(2) Exceptional, Extraordinary circumstances is what the Plaintiff must also show this court to escape the Abstention Doctrine, and it is need to escape when the following sworn facts show the unprecedented, rare, and tragically unique circumstances and facts that are now contained in the in civil lawsuit of the Johnson county civil proceedings.

   A. A second separate Petition for Writ of Mandamus and Request for Immediate Relief is in the Kansas Supreme court docket 126, 832.  This writ also entered into the SC docket details the measure of

"Unconstitutional" that is occurring in the Plaintiff minor children's custody proceedings.
A hearing held without Jurisdiction against the Plaintiff Mr Escalante was a large trial court error that occurred on Aug 14, 2023.  This trial court error had an Order given in it and there was no jurisdiction over the Plaintiff that day who appeared as Respondent in 18CV03813 Indirect Contempt hearing, in which the Show Cause order was not done properly Respondent never objected to a hearing held but he specifically informed the presiding judge that he was not any form waiving the Jurisdictional defect of the show cause not following the law of KSA 21-1204a.  An order was given in this hearing that required the Respondent/Plaintiff to have to use the Layne Project Inc, to reintegrate with his children, because of a PFS order 22CV03391 is why Father is being made to do Layne Project. Claims made within PFS 22CV03391.  And its very important that the court take

judicial notice of KSC docket 126,833, as father just entered a Writ that
shows that PFS was cheating its way through the courts, and in doing so due process rights were never given to the Defendant, who is this Plaintiff.  And an Attorney General opinion in that Writ shows that No Faith Nor Credit can be given to 22CV03391 because the amount of affirmatives that PFS 22CV03391
is violating the Violence Against Womens Act (VAWA) pursuant 18USC2265.
The Mandamus Original Actions show the merit to void and null the PFS, and that has been docketed.

The tragic uniqueness of terrible circumstance is further affirmed when the facts of the Layne Project are revealed.  Mr Escalante was told on Aug 14, 2023 in a hearing held without juris, that the court was made aware that $200.00 existed on Mr Escalante's Layne project account and Mr Escalante was scolded as a bad dad, who was just causing problems in the courts.  And this was news to Mr Escalante, as he knew there was no money in his Layne Project account.  Mr Escalante cannot re integrate with his daughters until some court address the amount of alienation that is and was occurring for almost 5 years now.  It is so severe that the daughters were viewing it and it was causing huge confusion on the Children.  And its that kind of confusion, that messes kids up as they enter adolescent years.

The Layne Project director, who is Guardian ad Litem also, was caught by Plaintiff father on Aug 22 and Aug 27, 2023 acting against Kansas Professional Rules of Conduct also.  As stated, the court informed Mr Escalante that he was being careless and not seeing his children while he even had money on his account to use And Mr Escalante knew that was not accurate if thats what had been communicated to the Court. So he went and politely asked to see those receipt statements of how $200.00 was showing on his account, this was asked to Trina Nudson. She is the Director of Layne Project Inc, in Olathe KS. Mr Escalante recieved many different version of how this purported $200.00 appeared on his account. And none of them were logical explainations as Mr Escalante didn't even have a credit card or bank on file to pull money from to put on a Layne account and all the logged email were saying Plaintiff put his own $200.00 on his own account last month. Finally August 27, 2023, Ms Trina Nudson confesses that an Officer of the Court entered the Layne Project on July 13, 2023 and gave 200.00 to the Layne Project with the Instructions to misrepresent it and put it on Mr

Escalante's account and go tell the court.......... So, Mr Escalante discovered this weeks ago, and he didn't mad angry or upset like all the claims in a PFS 22Cv03391 try to show a false picture.  He took it straight to Mr Greg West, deputy disciplinary administrator last week because thats how professional fathers  hold attorney's who are acting unprofessionally to accountability.  That was a KRPC violation of Nudson to accept that money and then lie to the Plaintiff in which he eventually caught her crossing her statements.  Well now Ms Nudson knows shes is trouble with the state and wont let Mr Escalante into layne project nor return his few phone calls, as Mr Escalante doesn't want to appear harassing. The civil rights and treatment of dad and his daugters crossed the constitution so long ago.   And this all because

Defendant Mother has been projecting
an image of the most dangerous, hateful, hurtful father for years to keep custody all for herself and the daughters know their dad is not that person, that is not what they have ever known of the Plaintiff father. That counter reality of who he is as a very loving giving father, was being contaminated by Janelle Escalante's misleads, false   claims and malicious unethical behavior that she exhibits as a coparent.
Its been very dangerous having to coparent with someone is capable of doing what she did in 22CV03391. She doesnt how to coparent, she believes she bend and break the rules that is hurting the children
And this is not a revenge lawsuit.  The Mandamus shows Janelle has violated the rights of her own daughters, Honorable Magistrate, How was I supposed to handle that? I ask the court.


Plaintiff is having to shield the daughters as the district court is producing too many
Trial errors and plaintiff misses his daughters.
Defendant Wilson would use these minor daughter Plaintiffs, as a weapon against Mr
Escalante to stop him from discoveries and Plaintiff is ready to show the evidence
professionally in the federal court where it will effectuate and correct behaviors.

In regards to Younger Abstention and 2:23CV02176,

I ask the Magistrate Honorable Teresa James, respectfully
how many civil lawsuits have you presided over, that show Protective Order manipulation against best interest
of children plaintiffs, that bear petitions with multiple court stamps that sought to deceive a division and did into
an extended order in which Supreme Court must void, if its non compliant, and how many civil suits
have you seen that are holding hearings  without district court jurisdictions, or instructions for a father to have to use
supervised parenting organization and the director gets caught mishandling
cash as an unknown undisclose
attorney told the Guardian/Director to misrepresent it to the court to hurt the image of the  father who has stood up in the

courts.......  And respectfully if Magistrate, if your answer is no proceedings are mimicking this one or little to none, I would ask you please reconsider and not apply Younger abstention.
My daughters are beautiful strong little girls, strong like their father, but I haven't seen them since that July 2022, and I
 dearly
miss them and I am showing the Rare and heartbreaking that this proceeding in the district court has become and I present
it to the federal court so that there is needed intervention. Please Magistrate, on behalf of the minor children, they need you to reconsider please on this Younger Abstention, I need you please reconsider. Please.

This kind of civil suit cannot be the norm. I was never really ready to be a Father, but once I had children I love them. And I never knew how much I loved them, until I saw their civil rights being infringed in the district court, and I found out how passionate I am for their full happiness.  This whole ordeal has been mentor I didn't I ask for, but I will take it learn from it.


One More 'unconstitutional' and supporter of the rarity  that this civil lawsuit cannot be channel back down into the District court, for say a Limited Action lawsuit, is because a 3rd Petition for Writ of Mandamus was just offered to the Kansas Supreme court on the evening Sep 13, 2023 that shows a district court 'No contact' order on the Plaintiff, fell short of being legally sufficient. And a trial court error of a 'no contact' order so vague in verbiage that is not allowing use of two 'no contact' methods of filing pleadings, while the no contact order document is also saying that its not restricting no contact filings methods. The mandamus asks for
Const Amendt 14.S1.5.8.3 to be restored to the Plaintiff.

I believe that these the appropriate ways to fix errors, as errors can happen.

On behalf of the Plaintiff children, we wish entry and advancing of 2:23-CV-02176. Please consider.

Plaintiff wishes the reconsideration of the Reports and Recommendations in this respectful Objection


_____
**Matthew Escalante**
**Pro Se litigant**
**733 Hemlock St**
**Gardner KS  66030**
**Phone 913-286-2250**
**No fax**
**Email - eskie678@aol.com**

CERTIFICATE OF SERVICE IS WITHHELD PER MAGISTRATES

DIRECTIVE IN THIS CASE